**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00332-03 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JEFFREY SCOTT HOLDER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Petitioner Jeffrey Scott Holder's ("Holder") Motion for Reconsideration (Record Document 121). Holder asks the Court to reconsider the final judgment entered on April 4, 2023 denying his motion for compassionate release/reduction in sentence due to the COVID-19 pandemic. See id., citing Record Documents 119 and 120. Holder, relying upon Concepcion v. United States, --- U.S. ---, 142 S.Ct. 2389 (2022), argues there has been an intervening change in the law and changes of fact, i.e., his behavior in prison, that gave this Court broader discretion when deciding his motion for compassionate release. See Record Document 121 at 1-2.

Here, the Court entered a detailed ruling denying Holder's motion for compassionate release/reduction in sentence. See Record Document 119. The Court held that Holder had not presented extraordinary and compelling reasons warranting release. See id. Additionally, the Court reasoned that Holder's early release would not comport with the Section 3553(a) factors. See id. Nothing in Concepcion requires more.

In Concepcion, the question was whether a federal judge could consider intervening changes in facts and law in adjudicating a sentence-reduction motion under § 404 of the First Step Act. See Concepcion, 142 S.Ct. at 2396. The Concepcion Court noted that Section 404 allows a district court to impose a reduced sentence "as if" the revised penalties for crack cocaine enacted in the Fair Sentencing Act of 2010 were in

effect at the time the offense was committed. <u>Id.</u> The lower court did not believe it had discretion under § 404 to consider any other changes to facts and law in considering whether to reduce the defendant's crack-cocaine sentence. <u>See id.</u> The Supreme Court reversed, holding that, in considering a § 404 motion, the district court retained all the traditional discretion that federal judges have at the original sentencing hearing to consider all available facts and law, including intervening changes between the original sentencing hearing and the § 404 motion. <u>See id.</u> at 2401–02, 2404.

Recently, in <u>United States v. McMaryion</u>, 64 F.4th 257 (5th Cir. 2023), the Fifth Circuit discussed the Concepcion opinion:

> The *Concepcion* Court referenced § 3582(c) only to say that Congress knew how to limit district courts' consideration of information when Congress wanted. *See id.* at 2401. That's because § 3582(c)(2) "expressly cabin[s] district courts' discretion by requiring courts to abide by the Sentencing Commission's policy statements." *Ibid.*; *see also* 18 U.S.C. § 3582(c)(2) (authorizing a sentence reduction only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"). Congress imposed no such limits in § 404. Further, the *Concepcion* Court made express that a district court "may ... dismiss arguments that it does not find compelling without a detailed explanation" and that "a brief statement of reasons" suffices for a decision on a First Step Act motion. 142 S. Ct. at 2404.
>
> No one doubts that district courts enjoy wide discretion when considering compassionate-release motions. That includes discretion to offer lengthy explanations for denying relief under § 3582(c). The question here, however, is not whether the district court could offer a lengthy explanation after considering myriad factors—it's whether the district court must. Nothing in *Concepcion* or our precedent requires the second proposition. And we can find nothing in § 3582(c) that suggests Congress required a lengthy explanation by a district court denying a § 3582(c) motion. It would be especially inappropriate to add procedural requirements to § 3582(c) where Congress omitted them and also omitted number and timeliness limitations. *Cf.* 28 U.S.C. § 2244(b), (d).

<u>McMaryion</u>, 64 F.4th 257. The Fifth Circuit ultimately held that "a district court may[ deny relief under § 3582(c) by stating that the § 3553(a) factors do not favor relief, or alternatively, that the movant's proffered grounds for relief are not extraordinary and

compelling." This Court did both when deciding Holder's motion; thus, his Motion for Reconsideration (Record Document 121) is **DENIED**.

    **IT IS SO ORDERED.**

    **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of April, 2023.

_____<br>
S. Maurice Hicks, Jr.<br>
United States District Judge